# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL URBINA-GUTIERREZ,<br><br>                   Petitioner,<br>   v.<br>UNITED STATES OF AMERICA,<br><br>                   Respondent. | Case No. 12cv01000 BTM<br>(98cr01700 BTM)<br><br>**ORDER DENYING PETITION** |

On June 15, 2012, the Court issued an order to show cause why Petitioner Gabriel Urbina-Gutierrez's petition should not be denied for failure to show valid reasons for not attacking the conviction earlier (ECF No. 2). In response to the order to show cause, Petitioner, through his wife Marcela Torres de Urbina, filed a letter with the Court *nunc pro tunc* to August 1, 2012 (ECF No. 4).

While the Court sympathizes with the difficult life circumstances of Petitioner and his family described in the letter, such general hardship is insufficient to show cause as to the specific issue of why Petitioner did not attack the conviction earlier, all the more so because Ms. Urbina's letter did not adequately address *Petitioner's* reasons for not attacking the conviction earlier. While Ms. Urbina did mention a house fire that destroyed papers related to Petitioner's case (id. at 2 & 3), she offered no explanation as to why Petitioner did not seek additional copies, since the papers are in the public record for the case.

"A writ of coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable, and only where the petitioner has exercised due diligence in bringing her concern promptly to the attention of the courts." Ikbal v. United States, 304 F. App'x 604, 606 (9th Cir. 2008) (quotations, alterations, and citations omitted). In general, circumstances justifying delay include: when the applicable law was recently changed and made retroactive; when new evidence was discovered that the petitioner could not reasonably have located earlier; and when the petitioner was improperly advised by counsel not to pursue habeas relief. See United States v. Riedl, 496 F.3d 1003, 1007 (9th Cir. 2007). In contrast, the Ninth Circuit in Riedl found that Riedl's deportation, incarceration, diminished capacity, and the forfeiture of some of her properties were inadequate reasons, either individually or in combination, to justify her delay. Id. at 1006. See also Maghe v. United States, 710 F.2d 503 (9th Cir. 1983) (denying writ of coram nobis where petitioner failed to allege sound reasons for not challenging conviction earlier). Because the Court finds that Petitioner's situation more closely resembles Riedl, the Court hereby **DENIES** the petition as untimely.

In addition, under General Order No. 514, the following personal data identifiers should not appear on pleadings filed with the Court: 1) Social Security numbers; 2) names of minor children; 3) dates of birth; 4) financial account numbers; and 5) in criminal cases, the home address of any individual. Therefore, the Court ORDERS that the following pages of Ms. Urbina's letter (ECF No. 4) be sealed: 2, 8, 11-21, 23, 25, 27, 30-31, 33-47.

**IT IS SO ORDERED.**

DATED: December 26, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court